CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 10 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH T. HARANZO, | ) |
| | ) Civil Action No.: 7:05-cv-00326 |
| PLAINTIFF, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| THE DEPARTMENT OF | ) |
| REHABILITATIVE SERVICES, | ) |
| | ) By: Samuel G. Wilson |
| DEFENDANT. | ) United States District Judge |
| | ) |

Plaintiff Joseph T. Haranzo, proceeding in forma pauperis and pro se, filed this action against the defendant, the Virginia Department of Rehabilitative Services ("DRS"), which the court has broadly construed to allege violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181 et seq. ("HIPAA"), and to seek review of a DRS administrative decision denying benefits under 29 U.S.C. § 722(c)(5)(J)(i). DRS filed a motion to dismiss pursuant to Rule 12(b)(6) or in the alternative for summary judgment. DRS also maintains that it has sovereign immunity and that Haranzo's request for review under 29 U.S.C. § 722 (c)(5)(J)(i) is moot.[1] Having considered Haranzo's claims and having held a hearing in which Haranzo was permitted to clarify them, the court dismisses Haranzo's claims either because the facts he alleges fail to

---

[1] The defendant also alleges that Haranzo is an inadequate class representative. The court does not construe Haranzo's complaint as a request for class certification; however, if he so intends, the court finds that a pro se plaintiff cannot fairly and adequately represent the interests of a class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (stating that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others [in a class action]").

raise a viable claim or because they are moot.

## I.

In 1992, Haranzo suffered a traumatic brain injury in a car accident, and as a result, he has difficulty processing and maintaining information and has paralysis on his left side. Haranzo received Social Security Disability benefits in 1995 and, at that time, also applied for vocational rehabilitation services from DRS. Haranzo sought assistance for his educational expenses; however, DRS denied Haranzo's claim because he failed to meet financial guidelines. Haranzo reapplied for benefits in 2001, and DRS informed Haranzo that, though he was eligible to receive DRS vocational services, he would need to complete an additional state financial needs test form, the RS-25 form, to determine whether he would be eligible to receive financial assistance for his educational expenses.

Haranzo completed the RS-25 form on October 11, 2002, and DRS informed Haranzo on May 14, 2003, that he was not eligible to receive financial assistance for his educational expenses. Haranzo requested a hearing on November 12, 2003, claiming that DRS had incorrectly applied 34 C.F.R. § 361.54(3)(ii) by requiring him, as an SSDI recipient, to complete the RS-25 form. DRS conducted the hearing on January 12, 2004, addressing (1) Haranzo's request for educational expenses, (2) his request for voice-activated computer software and equipment, and (3) his request for payment of medical expenses, including chiropractic treatment and gastroenterological examinations.

On February 18, 2004, the hearing officer issued his decision, stating that DRS had properly denied each of the three services requested. Haranzo requested an administrative review of the findings on March 8, 2004. A reviewing administrative official issued a final letter

2

opinion, dated May 21, 2004, which approved the hearing officer's findings and stated that the opinion was final unless either party brought a civil action pursuant to 34 C.F.R. § 361.57.

Following the hearing and the administrative review, DRS received notice from its counsel that its policies did not correctly implement the 2001 changes to 34 C.F.R. § 361.54 concerning SSDI recipients seeking financial assistance from DRS for educational expenses. Indeed, the 2001 changes prohibited state rehabilitation service agencies, such as DRS, from applying any financial needs test to an SSDI recipient for vocational rehabilitation services. In light of this information, DRS modified its policies in December 2004 to properly reflect the 2001 changes.

Meanwhile, Haranzo completed several college courses at Virginia Western Community College, and in the fall of 2004, he enrolled at Mary Baldwin College as a full-time student to complete his combined major in business administration and computer science. Haranzo graduated from Mary Baldwin in May 2005. Upon implementation of its new policies, DRS paid for Haranzo's two semesters of full-time enrollment at Mary Baldwin and for his voice-activated computer software equipment. DRS also has requested documentation of enrollment and cost for any courses which Haranzo took after the 2001 changes in the federal regulations and which were relevant to his business administration and computer science degree. As of October 17, 2005, the date of the court's hearing on this matter, Haranzo had not provided this documentation to DRS.[2]

In addition, DRS has approved payment for Haranzo's chiropractic expenses associated with his vocational rehabilitation and has requested documentation from Haranzo concerning this

---

[2]At the hearing, Haranzo claimed that DRS had not made a request for documentation concerning Haranzo's enrollment at Virginia Western Community College. DRS was uncertain about when it asked Haranzo for this documentation but renewed this request at the hearing.

3

payment. DRS also provided payment for Haranzo's gastroenterological exam and continues to provide additional payment for other medical expenses.

Haranzo filed suit against DRS in May 2005, seeking "reimbursement for all unpaid educational expenses, with interest accrued at the legal rate."[3] He explained that "[i]t shall entail retributions [sic] for the discriminatory practices of the defendant and its entities, including all court fees found due."[4]

## II.

DRS maintains that it has Eleventh Amendment immunity from Haranzo's claims for damages "should this court determine that [Haranzo] has set forth viable claims under the ADA and Rehabilitation Act." Ordinarily, a court must resolve Eleventh Amendment questions "as soon as possible after the State asserts its immunity," Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 482 (4th Cir. 2005), although "it is permissible to reserve a difficult Eleventh Amendment question when the underlying claim lacks merit, and

---

[3] Haranzo stated at the October 17, 2005 hearing that he was seeking reimbursement for the following: (1) three classes at Virginia Western Community College, (2) books for these classes, (3) mileage to and from the college, and (4) interest on these payments. Haranzo's amended complaint also requests "damages for all such discriminatory decisions."

[4] Haranzo has submitted a third amended complaint, which includes new allegations concerning DRS's failure to make certain home modifications and a fall resulting therefrom. DRS has filed a motion in opposition to Haranzo's third amended complaint, claiming that Haranzo has failed to obtain the leave of the court to submit the amended complaint; that the defendant has not consented to the filing; and that Haranzo has not stated a claim upon which relief may be granted. The court agrees with DRS and denies leave to amend the complaint because an amendment would be futile, as Haranzo has not exhausted his administrative remedies for these new claims, and for the reasons given in this opinion, such allegations would be futile. See Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002) (stating that leave to amend a complaint "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the moving party, or the amendment would be futile") (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

4

when the defendant invites a decision on the merits." <u>Betts v. Rector and Visitors of the University of Virginia</u>, 198 F.Supp.2d 787, 795 (W.D. Va. 2002); <u>see</u> <u>Strawser v. Atkins</u>, 290 F.3d 720, 729-30 (4th Cir. 2002) (noting the defendants' equivocal assertion of the Eleventh Amendment immunity defense and stating that the defendants "argue the merits and rely upon that defense [sovereign immunity] only if it is necessary to prevent judgment against them on the merits"). Because the court has concluded that Haranzo has no viable claim for damages and DRS has invited dismissal on alternative, non-sovereign immunity grounds, the court dismisses on those alternative grounds.

### III.

Haranzo claims that DRS wrongfully denied his request for financial assistance for educational expenses, thus discriminating against him in violation of Title II of the ADA and Section 504 of the Rehabilitation Act. DRS contends, as Haranzo's own complaint demonstrates, that its denial of services to Haranzo was based not on Haranzo's disability but instead on his financial status, which violates neither Title II of the ADA nor Section 504 of the Rehabilitation Act. The court agrees with DRS that an allegedly erroneous denial of assistance on the mistaken belief that Haranzo was not financially qualified is not actionable as unlawful handicap discrimination.

"Because the language of the two statutes [Title II of the ADA and Section 504 of the Rehabilitation Act] is substantially the same, we apply the same analysis to both." <u>Doe v. Univ. of Md. Med. Sys. Corp.</u>, 50 F.3d 1261, 1264 n.9 (4th Cir. 1995). To establish a violation of either of these statutes, a plaintiff must prove that he or she: "(1) is a qualified individual with a disability; (2) is otherwise qualified for the benefit of programs, services, or activities in

5

question; and (3) was excluded from the same due to discrimination on account of the disability." Bane v. Virginia Dept. Of Corrections, 267 F. Supp. 2d 514, 520 (W.D. Va. 1999) (citing Doe v. Univ. of Maryland Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995)).

"[N]either the ADA nor the Rehabilitation Act establish an obligation to meet a disabled person's particular needs vis-a-vis the needs of other handicapped individuals, but mandate only that the services provided . . . to non-handicapped individuals not be denied to a disabled person because he is handicapped." Doe v. Pfrommer, 148 F.3d 73 (2d Cir. 1998) (citing Flight v. Gloeckler, 68 F.3d 61, 63-64 (2d Cir. 1995)); see Grzan v. Charter Hosp. Of Northwest Indiana, 104 F.3d 116, 121 (7th Cir. 1997) (stating that "[w]ithout a showing that the non-handicapped received the treatment denied to the 'otherwise qualified' handicapped, the appellants cannot assert that a violation of section 504 has occurred.") (quoting Johnson by Johnson v. Thompson, 971 F.2d 1487, 1494 (10th Cir. 1992)). Because Haranzo is not claiming that non-handicapped individuals have received the benefits that DRS has denied him, but rather is challenging DRS's decision to deny his request for financial assistance for educational and medical expenses on financial grounds, Haranzo has not raised a viable disability discrimination claim.[5] Accordingly, the court dismisses his claims under Title II of the ADA and Section 504 of the Rehabilitation Act.

---

[5]In Pfrommer, the court noted that the plaintiff's "discrimination claims do not draw their substance from any allegedly discriminatory animus against the disabled . . . . [s]uch an argument would be beyond tenuous given VESID's [Vocational Educational Services for Individuals with Disabilities] sole purpose in assisting the disabled." Pfrommer, 148 F.3d at 82. Similarly, Haranzo's claims do not point toward any discriminatory animus on the part of DRS, a government agency designed to assist disabled persons.

6

IV.

Haranzo seeks review under 29 U.S.C. § 722(c)(5)(J)(i) of the final administrative decision in which DRS denied his request for educational expenses, certain medical expenses, and voice-activated computer equipment.[6] DRS contends that Haranzo's challenge to the 2004 decision is moot because DRS reversed its position and offered reimbursement for all items in dispute in that decision. The court agrees with DRS and dismisses the claims without prejudice as moot.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time a complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (stating the doctrine of mootness); see Bahnmiller v. Derwinski, 923 F. 2d 1085, 1089 (4th Cir. 1991) ("Withdrawal or alteration of administrative policies can moot an attack on these policies."). Here, DRS has changed its policy concerning SSDI recipients and educational expenses and has offered to reimburse Haranzo for the college courses that he has completed. In addition, DRS has provided payment for the voice-activated computer equipment and for the gastroenterological exam and is awaiting documentation for the chiropractic treatment. No controversy concerning the contested administrative decision remains.

V.

---

[6] In his response to DRS's motion to dismiss, Haranzo claims that DRS failed to grant a second medical opinion concerning his outstanding medical expenses, specifically his chiropractic expenses. Though 22 VAC 30-20-120(b)(2) permits a second opinion, this policy applies only in the initial determination of eligibility for DRS benefits. Thus, this policy is inapplicable to Haranzo's 2004 hearing. Moreover, DRS has since agreed to provide payment for Haranzo's chiropractic expenses.

Haranzo seeks review under 29 U.S.C. § 722(c)(5)(J)(i) of DRS denials concerning his request for car repair expenses.[7] DRS argues that Haranzo has failed to exhaust his administrative remedies, and therefore, the allegations are claims for which the court cannot grant relief. The court agrees with DRS and grants the motion to dismiss the claims.

Under the review procedures set forth in 34 C.F.R. § 361.57(g)(3)(iii), any party may seek review of a hearing officer's decision, at which time a reviewing official from the office of the Governor "makes an independent, final decision following a review of the entire record and provides the decision in writing . . . to the applicant or the eligible individual." A civil action is available to "[a]ny party who disagrees with the findings and decision of an impartial hearing officer under paragraph (e) . . . in a State that has not established administrative review procedures under paragraph (g) . . . and any party who disagrees with the findings and decision under paragraph (g)(3)(iii) of this section." 34 C.F.R. § 361.57(i)(1). Virginia has implemented administrative review procedures, as described in 34 C.F.R. § 361.57(g)(3)(iii), and thus, parties must exhaust the administrative remedies available before they have a right to bring a civil

---

[7]Haranzo alleges that DRS partially destroyed his vocational rehabilitation file; however, DRS insists that it has not destroyed the file and that Haranzo's file is active. The court finds that this claim is moot.

Haranzo also claims that DRS failed to notify him of the review procedures concerning his claim for car repair expenses. Thus, he failed to act within the 60-day filing limit of DRS's denial for this reimbursement. At the October 17, 2005, hearing, the defendant claimed that it had no duty to inform Haranzo of the time frame and that the letter referenced the corresponding code section.

Under 34 C.F.R. § 361.57, the defendant must notify applicants or eligible individuals of the "right to obtain review of State unit determinations," "the right to pursue mediation," and "the names and addresses of individuals with whom requests for mediation or due process hearings may be filed," among other things. This section also outlines when DRS must provide this written notice; however, it does not require DRS to provide a time frame. The court agrees with DRS and finds that this portion of Haranzo's complaint fails to state a claim for which the court may grant relief.

action.

Here, Haranzo only has exhausted his administrative remedies concerning the 2004 denial of his educational expenses, voice-activated computer equipment, and certain medical expenses, and those particular claims are moot.[8] Haranzo has not sought administrative review of his car repair expense claims.[9] The court is unable to provide relief under 34 C.F.R. § 361.57 for claims that are not final administrative decisions, and thus, the court grants DRS's motion to dismiss the remaining claims.

## VI.

Haranzo contends that DRS violated HIPAA in 2004 when it failed to seek his authorization for the release of psychological medical information and did not provide him with a copy of an Authorization of Services form prior to the service. The court notes that no private right of action exists for HIPAA violations and, therefore, dismisses the claim. See Runkle v. Gonzales, 2005 WL 2431265, *18 (D.D.C. 2005) ("No federal court 'has ever found that Congress intended HIPAA to create a private right of action.'") (quoting Swift v. Lake Park High Sch. Dist., No. 03-C5003, 2003 WL 22388878, *4 (D.C. Ill. 2003); Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co., 274 F.Supp. 2d 767, 775 (E.D. Va. 2003) (stating that HIPAA "does not explicitly recognize a private right of action" and noting that "at least one court has held that a private right of action is provided by ERISA's comprehensive remedial scheme"). HIPAA

---

[8]At this juncture, DRS has not raised the apparent timeliness issue of Haranzo's claim for review of the 2004 administrative denial of benefits.

[9]In his reply to the DRS's motion to dismiss, Haranzo included new allegations concerning denial of dentistry services and failure to provide needed home modifications, among other things. The court finds that Haranzo has not exhausted his administrative remedies concerning these allegations and, therefore, dismisses the claims.

9

"specifically indicates that the Secretary of [Health and Human Services] shall pursue the action against an alleged offender, not a private individual." Runkle, 2005 WL 2431265 at *18 (quoting Logan v. Dep't of Veterans Affairs, 357 F.Supp.2d 149, 155 (D.D.C. 2004)).

## VII.

For the foregoing reasons, the court grants DRS's motion to dismiss the plaintiff's complaint.

ENTER: This 10th day of November, 2005.

UNITED STATES DISTRICT JUDGE